Hooper v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-137-CR

     DOUGLAS M. HOOPER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 20,637-272
                                                                                                    

O P I N I O N
                                                                                                    

      Douglas Hooper appeals his conviction for burglary of a vehicle. Hooper was found guilty
by a jury. Hooper pleaded true to three enhancement paragraphs, and the jury assessed
punishment at sixty-three years in prison.
      In point one, Hooper contends that the trial court erred by incorrectly instructing the jury on
burglary of a vehicle. Section 30.04 of the Texas Penal Code provides, "A person commits an
offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part
of a vehicle with intent to commit any felony or theft."


 Hooper was charged by indictment with
"break[ing] into and enter[ing] a vehicle . . . with intent to commit theft."
      The court's charge instructed the jury, "Our law provides that a person commits an offense
if, with out effective consent of the owner, he enters a vehicle or any part of a vehicle with the
intent to commit theft." However, the portion of the charge to which we look to determine
whether the charge is fundamentally defective is the part which applies the law to the facts of the
case.


 The application paragraph of the court's charge instructed the jury to find Hooper guilty
if they found, beyond a reasonable doubt, that he "did intentionally break into or enter . . . a
vehicle . . . with the intent to commit theft of personal property." It is proper for the State's
indictment to list the alternate elements of an offense in the conjunctive and for the court's charge
to the jury to list them in the disjunctive.


 Because the court did not err in charging the alternate
elements of the offense in the disjunctive, we overrule point of error one.
      In point two, Hooper contends that the trial court erred in denying his request for a mistrial
after sustaining his objection to the State's improper jury argument during the punishment phase
of the trial. At the punishment phase the State reoffered all the evidence that was presented during
the guilt-innocence phase and introduced three penitentiary packets from Hooper's prior
convictions. James Pope, a detective with the Bryan Police Department, testified that the first
penitentiary packet contained Hooper's 1978 conviction for burglary of a building. The second
penitentiary packet represented his 1981 conviction for theft from a person. Finally, the third
penitentiary packet represented his 1988 conviction for theft. The date of the offense in the third
packet was August 7, 1988; Hooper was charged by information with aggravated robbery on
August 8; he pleaded guilty to the lesser-included offense of theft; and a five-year sentence was
imposed on August 8. Although Pope testified that the first two penitentiary packets represented
prior felony convictions to the 1988 conviction for theft, he offered no explanation for the State's
failure to indict Hooper as an habitual criminal in 1988. The prosecutor made the following
comments to the jury during his opening argument:
Think about the last penitentiary packet, 1988. There was an offense on August 7th,
a sentence on August 7th [sic]. He was a habitual criminal at that time. He had two
previous times to the penitentiary and committed another offense. Harris County did not
attach his two prior felonies. They didn't have enough time.
 
[Defense Attorney]: We object, Your Honor. That's totally outside the evidence in
this case.
 
THE COURT: The objection is sustained.
 
[Defense Attorney]: We ask that the jury be instructed to disregard.
 
THE COURT: The jury is instructed to disregard the prosecutor's last comment for
any purpose whatsoever.
 
[Defense Attorney]: And we move for a mistrial, Your Honor.,
 
THE COURT: Denied.
 
[Prosecutor]: You'll have the evidence back there. If he wants it, he's going to take
it. So deterrence is not an issue.

      Proper jury argument falls within one of the following categories: (1) a summary of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument;
or (4) a plea for law enforcement.


 All other arguments are improper. As a result, the court
properly sustained Hooper's objection that the prosecutor's comment—"They didn't have enough
time"—was outside the record. However, when the trial court instructs the jury to disregard the
improper argument but denies the defendant's motion for mistrial, error results only when the
argument is extreme, manifestly improper, injected new and harmful facts into the case, or
violated a mandatory statutory provision and was thus so inflammatory that its prejudicial effect
could not reasonably be removed from the minds of the jury by the instruction given.



      In this case, the theme of the prosecutor's jury argument during the punishment stage of the
trial was that Hooper was not a candidate for rehabilitation. Hooper argues that the prosecutor's
comment—that the Harris County District Attorney's Office did not include two previous
convictions in the 1988 charge because they did not have enough time—invites speculation on the
part of the jury to the extent that it would inflame them to hand down an improper punishment. 
Although the prosecutor's comment was outside the record, we fail to see how it was subject to
speculation in the minds of reasonable jurors. The prosecutor did not repeat the improper
argument, but, instead, directed the jury's attention back to the evidence. Based on our
examination of all the jury arguments, we hold that the prejudicial effect of the improper argument
was removed from the minds of the jurors by the court's instructions to disregard the prosecutor's
last comment, and thus, no error occurred in denying the motion for mistrial.


 We overrule point
of error two.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 27, 1993
Do not publish